UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ORASMA ANDREWS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.: 1:18-cv-02051-CLM-SGC |
| | ) |
| **WARDEN, FPC TALLADEGA,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This case involves Orasma Andrews' second attempt to vacate his 2003 sentence due to an alleged untimely amendment of that sentence. This court agrees with the magistrate judge's recommendation that the court lacks jurisdiction to give Andrews a second bite at the apple.

### BACKGROUND

The court adopts the magistrate's report and recommendation (doc. 14), which contains a detailed background of Andrews' convictions and sentences, and his multiple attempts to shorten or overturn those sentences. In short, Andrews has two relevant convictions; one in 2003, and another in 2009. The present case challenges an amendment to Andrews' sentence in the 2003 case (doc. 8-3).

Andrews has filed multiple petitions attacking the 2003 sentence. Most relevant here, in June 2014, Andrews filed a motion to vacate pursuant to 28 U.S.C.

§ 2255 that alleged two errors: (1) the trial court made an untimely amendment to his sentence and (2) his counsel was ineffective for failing to challenge the untimely amendment. *See* Doc. 226, *United States v. Andrews*, 5:01-cr-56 (M.D. Ga.) ("2003 Case"). The district court denied the §2255 motion as untimely (2003 case doc. 245), and the Eleventh Circuit denied Andrews' certificate of appealability. *See Andrews v. United States*, No. 15-15596-A (11th Cir. Oct. 28, 2016).

Andrews raises the same arguments in his present petition; only this time, he styles it as a habeas petition pursuant to 28 U.S.C. § 2241 (doc. 1). Knowing that habeas petitions "shall not be entertained" where a § 2255 motion to vacate is available, 28 U.S.C. § 2255(e), Andrews argues that a §2255 motion is "inadequate or ineffective to test the legality" of his sentence (doc. 1 at 1-2). The magistrate judge rejected Andrews' contention that §2255(e)'s saving clause applied and thus recommended that the court lacks jurisdiction (doc. 14 at 10). This court agrees.

## ANALYSIS

Because 28 U.S.C. § 2255(e) says that habeas petitions "shall not be entertained" unless § 2255 petitions are "inadequate or ineffective to test the legality" of a sentence, the court lacks jurisdiction to review Andrews' § 2241 petition if he could have filed a § 2255 petition to attack his sentence. *See Williams v. Warden*, 713 F.3d 1332 (11th Cir. 2013); *McCarthan v. Dir. Of Goodwill Indus.-Suncoast*, 851 F.3d 1076 (11th Cir. 2017) (*en banc*). And, to be clear, all that matters

is whether Andrews could *make* his arguments in a § 2255 motion; it doesn't matter whether Andrews could *succeed*. *See McCarthan*, 851 F.3d at 1089-90.

Plainly, Andrews could file a § 2255 motion that argues that his sentence was untimely amended and that his counsel was ineffective for failing to object to the untimely amendment. Andrews has already done so, and the district court and circuit court heard his motion. *See* 2003 case, doc. 245; *Andrews v. United States*, No. 15-15596-A (11th Cir. Oct. 28, 2016). That Andrews lost doesn't change the fact that Andrews could—and did—file a § 2255 motion alleging the same grounds. Accordingly, this court agrees with the magistrate that § 2255(e) divests this court of jurisdiction to consider Andrews' § 2241 habeas petition, which re-raises the same arguments. And nothing in Andrews' objections to the magistrate's report and recommendation (doc. 15) changes the fact that he was able to raise the same arguments in a § 2255 motion.[1]

## CONCLUSION

Having carefully reviewed and considered *de novo* the materials in the court file, including the magistrate judge's report and recommendation and Andrews' objections to the report and recommendation, the court concludes the claims Andrews raised in the present § 2241 habeas petition are properly brought in a

---

[1] Nor, if it mattered, does Andrews raise an argument that would change the court's previous ruling that the same arguments are time-barred and that he cannot re-raise them in a second or successive petition.

3

§ 2255 motion to vacate. Accordingly, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** her recommendation that the court lacks jurisdiction to considered Andrews' petition and thus this matter is due to be dismissed.

A separate order will be entered.

**DONE** this 4th day of February, 2020.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE